[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action for a declaratory judgment alleging that the defendant freedom of information commission ("FOIC") violated her due process rights and its own regulation in failing to make her a party to a contested case before the commission. The FOIC case arose out of a request to Waterbury police for copies of an audiotape recording of a phone conversation between the plaintiff's home and the Waterbury police department on June 24 1997, together with additional records related to the tape. The plaintiff has now applied for a temporary injunction enjoining the Commission and Acting Waterbury Police Superintendent Griffin from releasing the tape and the related records until this suit is resolved.
In order to obtain a temporary injunction, the moving party must show each of the following:
1. imminent substantial and irreparable injury;
2. lack of an adequate remedy at law;
3. likelihood of success on the merits; and
 4. a balancing of the equities that favors granting the injunction.
Waterbury Teachers Assn. v. Freedom of Information Commission,230 Conn. 441, 446 (1994). The plaintiff's failure to establish any one of these elements precludes the availability of temporary injunctive relief.
The facts in this matter are largely undisputed. The plaintiff Dawn Giordano, the wife of the mayor of the City of Waterbury, resides with the mayor and their family at 157 Southwind Road in Waterbury. On June 24, 1997, between 10:00 p.m. and 11:00 p.m., the phone rang at the plaintiff's home and it was answered by her husband. The phone call came from the Waterbury police department. Although the plaintiff has not heard the tape recording of the phone call, she believes that her voice is on the tape because she was talking with her children in the background while her husband was on the phone. CT Page 7867
On or about August 19, 1997, a reporter from the Waterbury Republican-American newspaper requested copies of the tape of the June 24, 1997 phone call, together with related records from Superintendent Griffin. Griffin refused to provide copies of the tape and most of the other documents requested. The newspaper then appealed to the FOIC. The FOIC appeal was heard on October 6, 1997. The plaintiff Dawn Giordano was not made a party to the appeal. On October 30, 1997, the FOIC issued its final decision in the case, ordering disclosure of the tape of the phone call as well as most of the related records. Griffin then appealed the FOIC decision to the Superior Court. The plaintiff filed this action after the FOIC filed a motion to dismiss Griffin's appeal, contending that the appeal was neither timely served nor timely filed with the court.
In order to obtain a temporary injunction, the plaintiff must establish that she is likely to succeed on the merits of her claims in this action. The court therefore must evaluate the strength of her legal claims. The complaint in this action alleges that the FOIC violated the plaintiff's due process rights and its own regulation by proceeding with the hearing on October 6, 1997 without making her a party despite the fact that "it was known to the FOIC that plaintiff's legal rights and privileges were being determined . . ." at the hearing. The plaintiff's claim of a lack of due process is based on an FOIC regulation. Regs., Conn. State Agencies § 1-21j-27 provides
 In issuing the notice of hearing, the commission will designate as parties any persons known to the commission whose legal rights, duties or privileges are being determined in the contested case and any person whose participation as a party is then deemed by the commission to be necessary to the proper disposition of such proceeding. Subsequent to the issuance of the notice of hearing no other person before the commission shall have standing as a party within the definition of Sec. 4-166 (5), G.S. except upon the express order of the presiding officer.
The plaintiff contends that the FOIC violated this regulation in two ways.
The plaintiff's first contention is that the FOIC violated the regulation concerning designation of parties by not designating her as a party from the outset of the appeal. CT Page 7868 Regulation § 1-21j-27 (the "Regulation") states that the FOIC, in giving notice of the hearing, will designate as parties "any persons known to the commission whose legal rights, duties or privileges are being determined in the contested case . . ." (Emphasis added.) At the injunction hearing before the court, the plaintiff failed to present any evidence that when the FOIC sent notice of the hearing, it knew of Dawn Giordano and of her claimed interest in the case. The request by the Republican-American for the tape and other records did not make any reference to Dawn Giordano and therefore gave no notice to the Commission that the plaintiff had any involvement with the requested records. The plaintiff's address, 157 Southwind Road, Waterbury, was referred to in the description of the records sought by the newspaper. The plaintiff contends, without citation to any supporting authority, that the FOIC had the duty to determine who resided at 157 Southwind Road and to make that person or persons parties to the FOIC case.
The Regulation, however, does not require the FOIC to undertake any investigation to determine the identity of potential parties; it requires only that the Commission designate as parties those persons "known to the commission . . ." to have rights that will be determined in the case. The plaintiff failed to establish that she was known to the Commission. As a result, she failed to show that she is likely to succeed on the merits of this claim.
The plaintiff's second claim is that the FOIC became aware of her and her interest in the case after reviewing the tape and the related records in camera and that the FOIC should have made her a party to the case at that time. The FOIC hearing was held on October 6, 1997. The Commission's in camera review of the tape and the related records occurred approximately ten days later, after the hearing had concluded.
The Regulation does not impose any affirmative duty on the FOIC to add parties after the notice of hearing is issued. Section 1-21j-27 simply provides that parties can be added after the notice is issued by order of the hearing officer. The text of the Regulation does not support the plaintiff's claim that the Regulation requires the Commission to give notice and add parties to the case whenever it becomes aware that the rights of a non-party are implicated.
The court further notes that at the time when commission CT Page 7869 members conducted their in camera review of the tape and the records, the hearing had been completed. The Regulation is silent with respect to the addition of parties after the hearing has been completed. The plaintiff has failed to show that she is likely to succeed on the merits of her second claim.
The court cannot conclude this matter without noting that in her testimony before the court, the plaintiff admitted that she became aware of the existence of the tape in July, 1997 and that she learned of the ongoing FOIC proceedings in late October. She had the statutory right to file a petition to intervene in the FOIC case as a party pursuant to General Statutes §4-177a. However, she failed to do so.
Because the plaintiff has failed to show that there is a likelihood that she will succeed on the merits of her claims in this action, it is unnecessary to undertake a consideration of the remaining required elements for the issuance of a temporary injunction. The court cannot issue a temporary injunction when the plaintiff fails to show that she is likely to prevail on the of the case. The plaintiff's application for a temporary is denied.
VERTEFEUILLE, J.